**MAZZA v. ACHESON, Secretary of State.**

No. 29141.

United States District Court
N. D. California, S. D.

April 21, 1952.

See also 95 F.Supp. 752.

Jackson & Hertogs and Cosgrove, Molinari & Tinney, all of San Francisco, Cal., for plaintiff.

Chauncey Tramutolo, U. S. Atty., Edgar R. Bonsall, Asst. U. S. Atty., San Francisco, Cal., for defendant.

HARRIS, District Judge.

Plaintiff, who appeared before this Court on a certificate of identity, 8 U.S.C.A. § 903, seeks to establish his status as a citizen of the United States by birth. The Government opposes his right to remain in the United States, contending that he is a national of Italy and that he lost his status as an American citizen by reason of his actions taken some ten years ago. The facts are as follows:

██ Plaintiff was born in San Francisco, California, January 23, 1918, of Italian parents who were nationals of Italy. By virtue of his birth in the United States, plaintiff became a citizen of the United States. He was also a citizen of Italy. When plaintiff reached the age of four his parents brought him to Italy where he has since resided.

On February 4, 1938, at the age of twenty, plaintiff voluntarily entered the Italian Army and took an oath of al' giance to Italy. He remained in the Army until May 6, 1940, at which time he received an indefinite discharge. On March 15, 1941, somewhat in excess of ten months after the date of his discharge, he was recalled to duty in the Italian Army. He served until September 27, 1945, at which time he was again given an indefinite discharge.

The question for decision is whether plaintiff, by reason of his activities and his failure to take affirmative steps to return to the United States, expatriated himself and lost his status as a citizen of the United States. The provisions of Section 2 of the Act of March 2, 1907, 34 Stat. 1228, read as follows:

"That any American citizen shall be deemed to have expatriated himself when he has been naturalized in any foreign state in conformity with its laws, or when he has taken an oath of allegiance to any foreign state."

██ When plaintiff volunteered his services in the Italian Army in 1938 he was a citizen of a foreign state and he took an oath of allegiance to such foreign state.

Thus, under the language contained in Section 2 of the Act of 1907, plaintiff would have expatriated himself had he attained his majority at the time he entered the Italian Army. However, a person may not expatriate himself during minority. Perkins v. Elg, 307 U.S. 325, 59 S.Ct. 884, 83 L.Ed. 1320. Thus, the court must look to plaintiff's conduct subsequent to his attaining the age of twenty-one in order to ascertain whether his actions resulted in expatriation in accordance with Section 2 of the Act of 1907.

When plaintiff obtained his indefinite discharge from the Italian Army he was past the age of twenty-one. For a period of more than ten months he was free to initiate proceedings which would have enabled him to enter the United States. Yet during this entire period he did nothing to exercise his rights as a citizen of the United States to return to the country of his birth. Before plaintiff was recalled to active duty with the Italian Army he reached the age of twenty-three.

██ A child born in the United States and taken to a foreign state must elect to retain his citizenship and return to the United States upon reaching his majority. He may have a reasonable time in which to exercise his right of election, acting as promptly as possible. Such action must be taken by returning to America for permanent residence before the individual reaches twenty-three years of age. Mandoli v. Acheson, D.C.Cir., 193 F.2d 920.

Defendant has relied upon Title 8 U.S.C.A. § 801(b) and (c) as additional reasons for excluding plaintiff from the United States. These subsections read as follows:

"A person who is a national of the United States, whether by birth or naturalization, shall lose his nationality by:

\*  \*  \*  \*  \*  \*

"(b) Taking an oath or making an affirmation or other formal declaration of allegiance to a foreign state; or

"(c) Entering, or serving in, the armed forces of a foreign state unless expressly authorized by the laws of the United States, if he has or acquires the nationality of such foreign state; \* \* \*."

■ This legislation, enacted in 1940, confirms for the most part the 1907 statute which was operative when plaintiff first joined the Italian Army. Savorgnan v. United States, 338 U.S. 491, 70 S.Ct. 292, 94 L.Ed. 287. In view of the fact that plaintiff took no new oath when he was recalled to active duty, it cannot be stated that his actions placed him within the scope of 801(b) or (c) of Title 8. If plaintiff volunteered his services when recalled to the Italian Army in 1941 then he expatriated himself. Dos Reis ex rel. Camara v. Nicolls, 1 Cir., 161 F.2d 860; Podea v. Acheson, 2 Cir., 179 F.2d 306; Kondo v. Acheson, D.C., 98 F.Supp. 884; Hamamoto v. Acheson, D.C., 98 F.Supp. 904; Cantoni v. Acheson, D.C.N.D.Cal. 1950, 88 F.Supp. 576; Morizumi v. Acheson, D.C., 101 F. Supp. 976. However, there is no evidence of his having entered the Italian Army except under the obvious compulsion brought about by war and the Fascist dictatorship which then controlled the government of Italy.

■ The Court holds that plaintiff, by failing to take the initiative during the period 1940–1941 when he enjoyed civilian status in Italy, was over the age of twenty-one and under the age of twenty-three, expatriated himself pursuant to the provisions of Section 2 of the Act of 1907.

Accordingly, it is adjudicated that plaintiff is a national of Italy and is no longer a national of the United States. Judgment shall be entered in favor of defendant upon preparation of Findings of Fact and Conclusions of Law consistent with this adjudication.